**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WILLIAM MAY ATHERTON,<br><br>              Plaintiff,<br><br>       v.<br><br>OMONIYI AKINTOLA, et al.,<br><br>              Defendants. | No.  2:20-CV-0594-DMC-P<br><br><br><br>ORDER |

   Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court is Plaintiff's complaint (ECF No. 1).

   The Court is required to screen complaints brought by prisoners seeking relief against a government entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof f it: (1) is frivolous or malicious; (2) fails to sate a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  This means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff is currently incarcerated at the California Health Care Facility in Stockton, and brings this action against Omoniyi Akintola, R. Singh, and S. Gates.  See ECF No. 1.  Plaintiff appears to be alleging deliberate indifference to his medical needs.  See id. at 3-5

Plaintiff states that he has complained about pain in his back, leg, and other body parts, though he does not specify to whom he made these complaints.  See ECF No. 1, pg. 3-5.  He further states that he has filed multiple request forms asking that his back be examined.  See id. at 3.  Plaintiff does state that there have been recommendations made for medication and rehabilitation related to his back, but that those recommendations were not approved.  See id. at 4.  Plaintiff does not identify if any of the defendants listed are the individuals allegedly denying the recommendations.  See id.  Plaintiff does not contend that any of the defendants has undertaken, or failed to undertake, any specific actions that have resulted in or exacerbated his pain and suffering.  See id.

Plaintiff provides some medical documents and administrative forms with his complaint.  See ECF No. 1, pgs. 9-25.  According to those documents, Plaintiff filed a health care grievance asking for further medical assistance with a pain in his back and legs on November 15, 2018.  See id. at 13, 17.  On December 19, 2018, Plaintiff was seen by a specialist that recommended an MRI for his back and that Plaintiff perform a home exercise program, lose weight, minimize staying in a hip fixed position, and minimize the usage of a back brace.  See ECF No. 1, pg. 11-12.  Plaintiff also saw a physical therapist on December 26, 2018.  See id. at 19.  On January 24, 2019, Plaintiff filed another grievance stating that he had yet to receive assistance that remedied the pain in his back, and that he continued experiencing pain.  See id. at

1  16. He was then seen by a primary care provider about his foot and lower back pain on February 19, 2019, where another MRI was ordered, and he was ordered insoles and replacement shoes. See id. at 12. Plaintiff was provided the insoles on March 14, 2019. See id. Plaintiff was seen by Dr. Akintola on March 27, 2019, when Dr. Akintola performed a lumbosacral plexus MRI. See id. On March 29, 2019, Plaintiff was again seen by a primary care provider who reviewed the MRI and documented that Plaintiff should continue his pain management regimen. See id. Plaintiff was receiving amitriptyline for chronic pain and was enrolled in a chronic care program where his medical needs were closely monitored as of April 8, 2019. See id.

## II. DISCUSSION

Plaintiff fails to allege sufficient facts to establish a causal link between the alleged actions and any of the defendants. Plaintiff also fails to allege sufficient facts to establish any deliberate indifference to medical needs.

### A. Causal Link

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

/ / /

/ / /

/ / /

Plaintiff, within his complaint, has not specifically alleged any act done by a specific defendant. While Plaintiff indicates that there have been recommendations for treatment and denials of those recommendations, he does not indicate what treatments have been recommended, when the treatments were recommended, who recommended the treatments, who denied the treatments, or when the recommendations were denied. See ECF No. 1. While the additional documentation Plaintiff provided does indicate that there were some treatments, it does not appear to indicate any of those treatments were denied, nor does it indicate the specific individual who recommended those treatments. See id. 10-25. Without specific facts identifying each individual defendant's causal role in the alleged constitutional deprivation there is no causal link between the defendants and the alleged deprivation. As such, the Court finds that Plaintiff has failed to state a cognizable claim against the defendants.

B.   Medical Needs

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976). Conditions of confinement may, however, be harsh and restrictive. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986). A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id.

/ / /

/ / /

4

Deliberate indifference to a prisoner's serious illness or injury, or risks of serious injury or illness, gives rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 105; see also Farmer, 511 U.S. at 837. This applies to physical as well as dental and mental health needs. See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982), abrogated on other grounds by Sandin v. Conner, 515 U.S. 472 (1995). An injury or illness is sufficiently serious if the failure to treat a prisoner's condition could result in further significant injury or the ". . . unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994). Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily activities; and (3) whether the condition is chronic and accompanied by substantial pain. See Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

The requirement of deliberate indifference is less stringent in medical needs cases than in other Eighth Amendment contexts because the responsibility to provide inmates with medical care does not generally conflict with competing penological concerns. See McGuckin, 974 F.2d at 1060. Thus, deference need not be given to the judgment of prison officials as to decisions concerning medical needs. See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989). The complete denial of medical attention may constitute deliberate indifference. See Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986). Delay in providing medical treatment, or interference with medical treatment, may also constitute deliberate indifference. See Lopez, 203 F.3d at 1131. Where delay is alleged, however, the prisoner must also demonstrate that the delay led to further injury. See McGuckin, 974 F.2d at 1060.

Negligence in diagnosing or treating a medical condition does not, however, give rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 106. Moreover, a difference of opinion between the prisoner and medical providers concerning the appropriate course of treatment does not give rise to an Eighth Amendment claim. See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

1    While the injury that Plaintiff has described meets the standards for seriousness it does not appear, from Plaintiff's depiction of events and from the additional medical and administrative forms that Plaintiff provided, that Plaintiff's condition and treatment rises to the level of deliberate indifference.  Plaintiff was examined multiple times, provided with treatment in the form of both medication and physical therapy, and provided with a back brace and orthopedic inserts for his shoes.  See ECF No 1, pgs. 10-12, 19-20.  Even if there were evidence to show that the medical professionals involved in Plaintiff's care had been negligent in his treatment, that would not rise to the level of deliberate indifference.  Plaintiff would have to show that the specific actions of the medical professionals were undertaken with the deliberate intent to cause harm.  As such, this Court finds that Plaintiff has failed to state a cognizable claim of deliberate indifference to medical needs.

### III. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be complete in itself without reference to any prior pleading.  See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d

164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

    Finally, Plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110.  Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the Court's discretion, be dismissed with prejudice pursuant to Rule 41(b). See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

    Accordingly, IT IS HEREBY ORDERED that:

    1. Plaintiff's complaint is dismissed with leave to amend; and

    2. Plaintiff shall file a first amended complaint within 30 days of the date of service of this order.

Dated:  November 23, 2020

                _____
                DENNIS M. COTA
                UNITED STATES MAGISTRATE JUDGE