UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM MAY ATHERTON, | Case No.  2:20-CV-0594-TLN-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| OMONIYI AKINTOLA, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court is Plaintiff's first amended complaint, ECF No. 20.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff is currently incarcerated at the California Health Care Facility in Stockton, and brings this action against Omoniyi Akintola, R. Singh, and S. Gates.  See ECF No. 20 at 1.  Plaintiff alleges deliberate indifference to his medical needs.  Id.

Plaintiff states that he has been diagnosed with lumbar stenosis and has severe, constant pain in his lower back, legs, and feet.  See id. at 1, 7.  Akintola, an unspecified prison official, requested a physical and rehabilitation consultation for Plaintiff's lower back pain.  Id. at 1.  On December 19, 2018, a specialist examined Plaintiff and recommended an MRI and two spinal epidurals to ease his pain.  Id.  The specialist also recommended a home exercise program of physical therapy, weight loss, and minimizing staying in a hip-fixed position.  Id. at 9, 12-13.  Akintola informed Plaintiff that the MRI was scheduled but the epidurals were not approved.  Id. at 1.  Akintola also informed Plaintiff that it would be a waste of time to make a second request for the epidural.  See id.  at 2.  While it is unclear from the complaint whether Plaintiff requested the epidurals again, Plaintiff contends that Akintola refused to make a second request and this refusal constitutes deliberate indifference.  Id.

Plaintiff filed a healthcare grievance regarding the denial of the epidurals, which was denied at the first level by Singh, the Chief Physician and Surgeon for the California Health Care Facility.  See id. at 2, 7, 9-10.  Plaintiff alleges that Singh was deliberately indifferent because he did not refer to the specialist's recommendation or speak to Plaintiff before denying the grievance.  See id. at 2.

///

///

2

1         Plaintiff appealed the denial of his grievance. See id. at 12. S. Gates, Chief of the
2  Health Care Correspondence and Appeals Branch, denied the appeal, citing a list of appointments
3  and history of Plaintiff's healthcare, including the specialist's recommendations for epidurals.
4  See id. at 3, 12. Plaintiff alleges that this denial constitutes deliberate indifference because Gates
5  knew of Plaintiff's history of foot and lower back pain, thereby making Gates aware of Plaintiff's
6  pain and suffering. See id. at 3.

7         The medical and administrative documents provided by Plaintiff illustrate details
8  of his medical care. See id. at 6-13. Plaintiff saw a primary care provider on February 19, 2019,
9  who ordered an MRI and insoles. Id. at 13. Plaintiff received the insoles on March 14, 2019. Id.
10 On March 27, 2019, Plaintiff underwent a lumbosacral plexus MRI. Id. Two days later, Plaintiff
11 reviewed the results with a primary care provider. Id. Plaintiff is also enrolled in the Chronic
12 Care Program and is prescribed amitriptyline for chronic pain. Id.

13

14                              **II. DISCUSSION**

15         The Court finds that while Plaintiff has alleged sufficient facts to establish a causal
16 link between the alleged actions and defendants, Plaintiff fails to sufficiently allege that
17 defendants acted with deliberate indifference to his serious medical needs.

18         To establish an Eighth Amendment claim based on medical treatment, an inmate
19 must show deliberate indifference to serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104
20 (1976); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); Hallett v. Morgan, 296 F.3d 732, 744
21 (9th Cir. 2002). A plaintiff must show (1) an objective "serious medical need" by establishing
22 that "failure to treat a prisoner's condition could result in further significant injury or the
23 'unnecessary and wanton infliction of pain'" and (2) that a defendant's response to the serious
24 medical need was deliberately indifferent. Jett, 439 F.3d at 1096 (citation omitted); see Colwell
25 v. Bannister, 763 F.3d 1060, 1066 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th
26 Cir. 2012). Deliberate indifference exists if a defendant subjectively "knows of and disregards an
27 excessive risk to inmate health and safety." Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir.
28 2004) (citation and internal quotation marks omitted); see Colwell, 763 F.3d at 1066. A

1  defendant must have been aware of facts from which they could draw the inference that a
2  substantial risk of harm exists, and they must have also drawn the inference. Farmer v. Brennan,
3  511 U.S. 825, 837 (1994); Toguchi, 391 F.3d at 1057. The question of deliberate indifference
4  focuses on what a defendant's state of mind actually was. Farmer, 511 U.S. at 834-39. A prison
5  official must have had a "sufficiently culpable state of mind." Id. at 834. Deliberate indifference
6  can be established by showing "(a) a purposeful act or failure to respond to a prisoner's pain or
7  medical need and (b) harm caused by the indifference." Jett, 439 F.3d at 1096 (citation omitted);
8  see Colwell, 763 F.3d at 1066; Wilhelm, 680 F.3d at 1122.

9       Knowingly providing subpar medical care and denial or delay of medical care may
10 violate the Eighth Amendment. See Estelle, 429 U.S. at 104-05, 104 n.10; Colwell, 763 F.3d at
11 1066. But deliberate indifference is a high standard and requires more than an ordinary lack of
12 care. See Colwell, 763 F.3d at 1066; Wilhelm, 680 F.3d at 1122; Toguchi, 391 F.3d at 1057,
13 1060. Negligent medical care alone is not a constitutional violation. See Jett, 439 F.3d at 1096;
14 Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998); see also Farmer, 511 U.S. 825, 835-37;
15 Estelle, 429 U.S. at 105-06. "Medical malpractice does not become a constitutional violation
16 merely because the victim is a prisoner." Estelle, 429 U.S. at 106. A difference of opinion
17 between an inmate and prison medical staff about the proper course of medical treatment is not
18 deliberate indifference. See, e.g., Toguchi, 391 F.3d at 1058; Sanchez v. Vild, 891 F.2d 240, 242
19 (9th Cir. 1989). Nor does a dispute between an inmate and prison officials over the necessity or
20 extent of medical treatment establish a constitutional violation. See, e.g., Toguchi, 391 F.3d at
21 1058; Sanchez, 891 F.2d at 242.

22       Plaintiff has sufficiently alleged a serious medical need. See McGuckin v. Smith,
23 974 F.2d 1050, 1059 (9th Cir. 1992); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th
24 Cir. 1994) (An injury or illness is sufficiently serious if the failure to treat a prisoner's condition
25 could result in ". . . unnecessary and wanton infliction of pain."). Plaintiff has not, however,
26 sufficiently alleged that the actions of each Defendant rises to the level of deliberate indifference.
27 Plaintiff alleges that Akintola was deliberately indifferent because he refused to make a second
28 request for the epidurals. See ECF No. 20 at 2. This action is not deliberate indifference because

it was a disagreement over the necessity of or extent of medical treatment. <u>See</u>, <u>e.g.</u>, <u>Toguchi</u>, 391 F.3d at 1058; <u>Sanchez</u>, 891 F.2d at 242.  For Singh, Plaintiff alleges deliberate indifference because Singh denied his grievance without speaking to him or referencing the specialist's recommendation.  <u>See</u> ECF No. 20 at 2.  The presence of a specialist's opinion does not change the fact that Plaintiff again describes a disagreement over the course of medical treatment.  <u>See</u>, <u>e.g.</u>, <u>Toguchi</u>, 391 F.3d at 1058; <u>Sanchez</u>, 891 F.2d at 242.  Finally, Plaintiff alleges Gates was deliberately indifferent because he denied the epidurals despite being aware of Plaintiff's ongoing pain.  <u>See</u> ECF No. 20 at 3.  This is not deliberate indifference because Gates noted, in detail, the ongoing medical care Plaintiff received to manage his pain and a disagreement about the proper course of medical treatment is not a constitutional violation.  <u>See</u>, <u>e.g.</u>, <u>Toguchi</u>, 391 F.3d at 1058; <u>Sanchez</u>, 891 F.2d at 242.

While Plaintiff has alleged denial of one medical treatment option, Plaintiff was not deprived of medical care in general.  Plaintiff was examined by medical professionals on multiple occasions and was provided with pain medication, physical therapy, orthopedic insoles for his shoes, and an MRI.  <u>See</u> ECF No. 20 at 6-13.  As currently pled, Plaintiff has expressed only a disagreement with Defendants over the course of medical treatment, not deliberate indifference to his medical needs or even negligence in the provision of medical care.  <u>See</u>, <u>e.g.</u>, <u>Toguchi</u>, 391 F.3d at 1058; <u>Sanchez</u>, 891 F.2d at 242.  Therefore, the Court finds that Plaintiff has failed to state a cognizable claim of deliberate indifference to medical needs.

### III. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend prior to dismissal of the entire action.  <u>See</u> <u>Lopez v. Smith</u>, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint.  <u>See</u> <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived.  <u>See</u> <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if

5

Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, Plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action. See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110. Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the Court's discretion, be dismissed with prejudice pursuant to Rule 41(b). See Nevijel v. N. Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's first amended complaint is dismissed with leave to amend; and

2. Plaintiff shall file a second amended complaint within 30 days of the date of service of this order.

Dated: March 3, 2022

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE